RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 2/19/11

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| OFFSHORE MARINE, INC. | CIVIL ACTION: 11-775 |
| VERSUS | JUDGE HAIK |
| ASSOCIATED GAS & OIL CO., LTD. | MAGISTRATE JUDGE HANNA |

## RULING

UPON CONSIDERING the plaintiff, Offshore Marine, Inc.'s Motion for Summary Judgment on Promissory Note (Rec. Doc. 7), the Court rules as follows:

### BACKGROUND

On February 16, 2010, Offshore Marine, Inc. (OMI) and Associated Gas & Oil Co., Ltd. (Associated) executed a purchase agreement in which OMI sold two liftboats to Associated. OMI owner financed fifteen percent (15%) of the purchase price, which was memorialized by a promissory note in its favor. Associated promised to pay OMI five million five hundred seventy six thousand one hundred twenty eight and 40/100 dollars ($5,576,128.40) plus interest. Associated promised to begin making monthly installments payable on the first day of each month commencing on September 1, 2010.

On February 19, 2010 the parties closed the transaction. The purchase agreement specifically states that it is Associated's responsibility to arrange and pay the shipping costs of the liftboats from the port of delivery to the final destination. It further lists the port of delivery as Leeville, Louisiana. Consistent with the purchase agreement, Associated arranged to have Smith Maritime, Inc. (Smith) transport the liftboats to Nigeria, and Smith undertook

transportation on April 2, 2010. Prior to reaching the destination in Nigeria, the liftboats were forced to divert their voyage twice due to damage sustained during transportation. Ultimately, before ever reaching Nigeria, the liftboats were forced to return to the United States to undergo repair.

To date, Associated has not made any payments in accordance with the promissory note. OMI filed the present motion seeking judgment as a matter law to recover pursuant to the promissory note. Associated contends that summary judgment is not appropriate, as there is a genuine dispute as to its obligations under the note. Specifically, Associated asserts failure of cause. It contends that it is not obligated by the note since the liftboats never reached Nigeria, and the parties understood that the note would be satisfied with the proceeds from placing the liftboats into service.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Ownership is transferred upon agreement on a thing and a price. La. Civ. Code art. 2456 (2011). However, the risk remains with the seller until the thing is delivered. *Id.* at art. 2467. This is the case even when the seller has delivered a nonconforming thing. *Id.* Delivery of a movable, such as a liftboat, takes place by transferring physical possession of the thing. *Id.* However, the parties can agree to another manner of delivery. *Id.* One such manner consists of executing a document purporting to deliver the thing. *Id.*

Associated purchased the liftboats, and the parties closed the transaction on February 19, 2010. It executed a promissory note in favor of OMI. Article 1.1 of the Asset Purchase Agreement states: "At the Closing, [OMI] will sell, convey, transfer, assign and deliver to [Associated] (i) the [liftboats] together with their engines, tackle, winches . . ." (Rec. Doc. 7-2, p 2 of 19). Therefore, the liftboats were delivered to Associated that same date. As previously

mentioned, the purchase agreement also states that Associated is responsible for all docking and maintenance fees while at the Leeville port and arranging and paying for transportation to Nigeria (Rec. Doc. 7-2, p 3 of 19). As further evidence that delivery occurred at the closing and consistent with the purchase agreement, Associated contracted with Smith to transport the liftboats from Leeville to Nigeria. As such, Associated owns the liftboats, bears the risk of loss and remains obligated under the promissory note.

**CONCLUSION**

For the foregoing reasons, the Court finds that Associated is obligated to OMI under the promissory note. To date, Associated has not paid a single installment. Therefore, there is no genuine dispute that Associated is in default, and OMI is entitled to judgment as a matter of law.

IT IS ORDERED, ADJUDGED AND DECREED that the plaintiff, Offshore Marine, Inc.'s motion (Rec. Doc. 7) is GRANTED.

THUS DONE AND SIGNED this 18th day of July, 2011, Lafayette, Louisiana.

**HONORABLE RICHARD T. HAIK, SR.**
**UNITED STATES DISTRICT JUDGE**
**WESTERN DISTRICT OF LOUISIANA**