

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **OFFSHORE MARINE, INC.** | **CIVIL ACTION NO.: 11-775** |
| **VERSUS** | **JUDGE HAIK** |
| **ASSOCIATED GAS & OIL CO., LTD.** | **MAGISTRATE JUDGE HANNA** |

## AMENDED REASONS FOR JUDGMENT

### I. Facts

On January 18, 2011, Plaintiff Offshore Marine, Inc. (OMI) brought suit against Associated Gas & Oil Company, Ltd. (Associated) in the 17th Judicial District of Louisiana to recover monies due to OMI under a promissory note between the parties. Specifically, OMI and Associated executed a purchase agreement in which OMI sold two liftboats to Associated and OMI financed fifteen percent of the purchase price, memorialized by a promissory note. Associated never made any payments towards the promissory note. Associated then removed this action to the Eastern District of Louisiana on March 3, 2011. Shortly thereafter, on March 24, 2011, OMI filed a Motion for Summary judgment on its promissory note claim.

The case was then transferred to the Western District of Louisiana on May 23, 2011 and Associated filed counterclaims against OMI on April 5, 2011, alleging negligence. On July 19, 2011, this Court granted OMI's Motion for Summary Judgment, holding that Associated is obligated to OMI under the promissory note and OMI is entitled to judgment as a matter of law on the promissory note claim. Based on this ruling, OMI now brings a Motion for Entry of Final Judgment pursuant to Federal Rule of Civil Procedure (Rule) 54(b), alleging that OMI's claim on the promissory note has been ruled on and is distinct and separate from Associated's counterclaims, entitling it to a final judgment with no reason for delay. OMI requests this Court to enter a final judgment on its promissory note claim and to direct the Clerk to enter judgment pursuant to Rule 58(d).

### II. Plaintiff's Contentions

OMI argues that this case started out as a straightforward single claim action regarding the promissory note claim. In fact, OMI contends that, but for Associated's allegedly questionable counterclaims,[1] this Court's ruling on July 19, 2011 would have terminated the

---
[1] OMI spends a considerable amount of time arguing that Associated's counterclaims were questionably alleged because they were brought after OMI filed its Motion for Summary Judgment and they are similar in nature to claims brought against another company by Associated in a separate civil matter. The Court will not address Associated's alleged intentions, as it is allowed to assert counterclaims under the law.

1

case, entitling OMI to a final judgment. Despite Associated's counterclaims, OMI argues it is still entitled to a final judgment pursuant to Rule 54(b).

First, OMI argues that this Court's July 19, 2011 ruling granting OMI judgment as a matter of law is a "final judgment" within the meaning of Rule 54(b). Specifically, OMI asserts that Associated's counterclaims under negligence theories are based on the Asset Purchase Agreement, which is an agreement separate and distinct from the promissory note executed between the parties. As a result, OMI contends that the Court's prior ruling was a final judgment involving the rights and obligations of the parties under the promissory note, thereby wholly terminating that claim.

Second, OMI contends that there is no just reason for delay of a final judgment certification. OMI bases this argument on several factors, including equitable and judicial efficiency considerations. Regarding judicial efficiency, OMI emphasizes that any ruling on Associated's counterclaims will not in any way moot a final judgment certification since Associated's counterclaims are unrelated and have no bearing on its liability under the promissory note. Further, OMI contends that, because the claims are not interrelated, any possibility of a setoff of the amount owed under the promissory note does not justify denying a final judgment certification. *See, Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1 (1980); *Lazard Freres & Co. v. Crown Sterling Management, Inc.*, 901 F.Supp. 133, 138 (S.D.N.Y. 1995).

Regarding equitable considerations, OMI focuses on Associated's alleged unstable financial position and solvency. Specifically, OMI argues that if entry of judgment on the promissory note is delayed, its recovery of monies owed will be deemed worthless and unattainable. *See, Pereira v. Cogan*, 275 B.R. 472, 474 (S.D.N.Y. 2002). Although there is no affidavit to this effect, OMI bases its argument on Associated's alleged intent to ship the liftboats, which could satisfy the debt owed, to Nigeria. Further, OMI argues that Associated is a Nigerian company with no assets in the United States with the exception of said liftboats, while OMI is a local company with no international presence.

Based on these arguments, OMI asks this Court to enter final judgment on the promissory note claim pursuant to Rule 54(b) in the amount of $7,164,358.29, representing (1) an award of $6,260,012.26 in combined principal and interest through the date of commencement of this action on January 18, 2011, (2) an award of $877,346.03 in contractual interest (187 days at $4,691.69 per day) from the commencement until entry of judgment, and (3) an award of $27,000.00 in penalties under the terms of the note for failure to timely pay installments when due. OMI also contends that it is entitled to an award of costs plus post-judgment interest at the federal rate until the judgment is satisfied in its entirety. In the alternative, OMI asks the Court to enter final judgment, but stay enforcement of the judgment pending the furnishing of a bond or other appropriate security. *See, Pereira*, 275 B.R. 472.

**III. Defendant's Contentions**

Associated opposes OMI's motion for entry of a final judgment and argues that its counterclaims are inextricably related to OMI's promissory note claim, thereby providing a just cause for delay of entry of a separate final judgment. Specifically, Associated contends that OMI's negligence caused damage to the purchased liftboats, and such negligence entitles it to a setoff of the amount owed under the promissory note. In other words, Associated asserts that its counterclaims not only undercut any liability Associated may have under the promissory note, but also alter the amount that Associated is obligated to pay.

Further, Associated argues that its counterclaims do not arise out of the Asset Purchase Agreement as OMI argues. Even if Associated's counterclaims arose out of the Asset Purchase Agreement, Associated contends that it nonetheless seeks relief from the promissory note since Associated's alleged default of payment was caused by acts for which OMI was responsible. As a result, Associated argues that its counterclaims are clearly and significantly interrelated to OMI's principal demand under the promissory note.

Associated also argues that OMI's financial hardship argument is without merit. Particularly, Associated contends that there is no intent to ship the vessels to Nigeria, and that even if there were intent, the vessels remain under the arrest and supervision of this Court. Additionally, Associated argues that it already paid OMI $30,000,000.00 for the liftboats, which Associated obtained through a bank loan. In other words, Associated contends that OMI only financed a mere fifteen percent of the vessels' cost, which is the only amount OMI lacks from the transaction. Consequently, Associated contends that, because all of its assets were used to purchase the liftboats, Associated, and not OMI, is the victim in this circumstance and faces looming financial catastrophe.

**IV. Analysis**

Rule of Civil Procedure 54(b) states in pertinent part, "[w]hen an action presents more than one claim for relief . . . the court may direct the entry of a final judgment as to one or more, but fewer than all, claims . . . only if the court expressly determines that there is no just reason for delay." When a party moves to certify a judgment as final under this Rule, the function of the court is to act as a "dispatcher," and to weigh and balance the contending factors. *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435 (1956) (*Mackey*); *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 12 (1980) (*Curtiss-Wright*). In other words, it is left to the sound judicial discretion of the court to determine the "appropriate time" when each final decision in an action is ready for appeal. *Mackey*, at 435. This discretion is to be exercised "in the interest of sound judicial administration." *Id.* at 437.

    A.   **<u>Final Judgment</u>**

The first step in determining whether entry of a final judgment is warranted requires the court to find a "final judgment." "It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of

an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright*, 446 U.S. at 8, quoting *Mackey*, 351 U.S. at 436.

Case law is clear that the presence of a counterclaim alone will not defeat entry of a final judgment. Specifically, the Supreme Court explained that counterclaims, whether compulsory or permissive, present no special problems for Rule 54(b) determinations. *Cold Metal Process Co. v. United Engineering & Foundry Co.*, 351 U.S. 445, 452 (1956). If that were the case, "Rule 54(b) would lose much of its utility." *Curtiss-Wright*, 446 U.S. at 8.

The Court in *Curtiss-Wright*, however, did state that the significance of counterclaims in relation to Rule 54(b) turns on the "interrelationship" between the counterclaim and the claim on which certification is sought. *Id.* Such an interrelationship can be established by showing the possibility of a setoff against the amount owed. *See, Curtiss-Wright*, 446 U.S. at 11-12. Yet, this is weighed against other factors, such as the ability to satisfy a judgment on the counterclaims should any be entered. *See, id.*; *see also, Lazard Freres & Co. v. Crown Sterling Management, Inc.*, 901 F.Supp. 133 (S.D.N.Y. 1995) ("As *Curtiss-Wright* holds, the possibility of a setoff is not itself a sufficient reason to postpone [the plaintiff's] receipt of the benefit of its bargain.").

Here, Associated argues that its counterclaims are interrelated to the Court's ruling on the promissory note because, based on the counterclaims, it may be entitled to a setoff of the amount owed under the promissory note. Accordingly, Associated argues that the Court's prior ruling was not a final judgment on the matter of the promissory note. We agree with Associated that its counterclaim may result in a setoff of the amount owed to OMI under the promissory note. However, although Associated makes a legitimate argument towards interrelationship, this factor is weighed against the fact that OMI would be able to satisfy any subsequent judgment on the counterclaims. There is no evidence to the contrary here. Therefore, this Court holds, like many previous cases, that Associated's counterclaims are not sufficiently interrelated to OMI's promissory note claim, and, thus, the Court's prior ruling is a "final judgment" under Rule 54(b).

B. **No Just Reason For Delay**

Once a court determines that it is dealing with a "final judgment," "the district court must go on to determine whether there is any just reason for delay." *Curtiss-Wright*, 446 U.S. at 8. In determining this factor, the court must take into account the "judicial administrative interests as well as the equities involved." *Id.*

1. Equities

Equities often considered by courts in determining "no just reason for delay" include delay in payment, ability to collect on a judgment, and solvency of the parties. *See, Curtiss-Wright*, 446 U.S. at 11-12; *Allis-Chambers Corp. v. Philadelphia Electric Co.*, 521 F.2d 360, 364 (3d Cir. 1975) ("miscellaneous factors such as delay, economic and solvency considerations" may justify entry of judgment); *Pereira v. Cogan*, 275 B.R. 472, 474 (S.D.N.Y. 2002) (*Pereira*). For instance, the Court in *Curtiss-Wright* stated that if the financial position of the defendant "were such that a delay in entry of judgment on [plaintiff's] claims would impair [plaintiff's]

ability to collect on the judgment, that would weigh in favor of certification." *Curtiss-Wright*, 446 U.S. at 12. There, the Court also noted that if certification was not granted, the plaintiff would "not be paid for 'many months, if not years' because the rest of the litigation would be expected to continue for that period." *Id.* at 11.

In *Pereira*, a Chapter 7 Trustee prevailed in an action against a former chief executive officer to recover on certain promissory notes, and moved for entry of final judgment. 275 B.R. at 473. There, the court focused on the insolvency of the defendant in granting a final judgment. The court reasoned that a lender, having established his right to collect, has an interest in a prompt enforceable judgment. *Id.* at 474, quoting *Prudential Ins. Co. v. Curt Bullock Builders, Inc.*, 626 F.Supp. 159, 169 (N.D. Ill. 1985). Further, the court reasoned that "'[w]hen a debtor's financial position is precarious, the weight of that interest is increased, since waiting until the trial is over may make the right to collect worthless.'" *Id.*; *see also, Norris Manufacturing Co. v. R.E. Darling Co.*, 315 F.2d 633, 636 (4th Cir. 1963) (trial court could properly reconsider how much longer the plaintiff might be required to wait to collect the purchase price).

Similar to the plaintiff in *Pereira*, OMI as a lender is entitled to a prompt enforceable judgment. Furthermore, similar to the defendant in *Pereira*, it is apparent that Associated is experiencing financial hardship, making its financial position uncertain and unstable.[2] This is of concern to this Court because, as in *Pereira*, a delay in entry of judgment may make OMI's right to collect worthless. Moreover, similar to the reasoning in *Curtiss-Wright*, if an entry of judgment is not certified, OMI may not be paid for many months; there is no simply no indication of how long the litigation regarding Associated's counterclaims may take. Therefore, the equities here seem to weigh in favor of certification.

2. Judicial Administrative Interests

Consideration of judicial administrative interests is "necessary to assure that application of [Rule 54(b)] effectively 'preserves the historic federal policy against piecemeal appeals.'" *Curtiss-Wright*, 446 U.S. at 8, quoting *Mackey*, 351 U.S. at 438. Accordingly, consideration of whether the claims involved are separable such that no appellate court would have to decide the same issues twice is essential. *Curtiss-Wright*, 446 U.S. at 8.

The Supreme Court, however, has suggested that even in such a case where the claims are not separable, for example in a case that may be subject to a setoff, courts can protect all parties against the uncertainties posed by the setoff pursuant to Rule 62(h)[3] by "having the losing party deposit the amount of judgment with the court, [and] directing the Clerk to purchase high yield government obligations and to hold them pending the outcome of the case." *Id.* at 13 n. 3.

---

[2] OMI argues, with no supporting proof or affidavit, that Associated is experiencing financial hardship. This assertion, however, is supported by Associated's Opposition to OMI's Motion for Entry of Judgment. (*See*, Opposition p. 6 "Associated faces looming financial catastrophe every day of its tenuous existence because nearly all of its assets were shoveled into the liftboats.").

[3] Rule 62(h) allows a court certifying a judgment under Rule 54(b) to stay its enforcement until the entering of a subsequent judgment. According to this rule, a court "may prescribe terms necessary to secure the benefit of the stayed judgment for the party in whose favor it was entered." Rule Civ. Proc. 62(h).

Additionally, application of a Rule 62(h) stay moots the need for appellate proceedings over the Rule 54(b) judgment. *See, Masson v. New Yorker Mag., Inc.*, 832 F.Supp 1350, 1376-77 (N.D. Cal. 1993), aff'd, 85 F.3d 1394 (9th Cir. 1996). Other cases have followed the Supreme Court's suggestion. *See, Pereira*, 275 B.R. at 475-76; *In re Bulldog Trucking, Inc. v. E.I. Du Pont De Nemours & Co.*, 173 B.R. 517 (W.D. N.C. 1994).

As already discussed above, Associated's counterclaims may result in an offset of the amount due to OMI under the promissory note. This possibility, in turn, may result in a piecemeal appeal if the promissory note ruling is certified as a final judgment. However, as suggested in *Curtiss-Wright* and followed by other cases, this Court can stay an entry of judgment pending the outcome of Associated's counterclaims and require Associated to pay the court clerk the amount of the judgment or provide a bond in that amount. This Court believes this option will best protect the parties involved.

Accordingly, this Court holds that the interests involved weigh in favor of certification, and thus, this Court's prior ruling is a final judgment with no just reason for delay pursuant to Rule 54(b).

## V. Conclusion

For the reasons set forth above, Plaintiff OMI's Motion for Entry of Judgment [Doc. 42] is hereby GRANTED and judgment will be entered pursuant to Rule 54(b) and stayed pursuant to Rule 62(h) pending the outcome of the case. Defendant Associated is required to either pay the judgment amount of $7,164,358.29 to the clerk, or provide a bond in that amount.

THUS DONE AND SIGNED at Lafayette, Louisiana on this 27th day of September, 2011.

HONORABLE RICHARD T. HAIK, SR.
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA